Justice THOMAS,
with whom Justice ALITO joins, dissenting.
Today, the Court answers a novel and important question of bankruptcy law. Unfortunately, it does so without the benefit of any reasoned opinions on the dispositive issue from the courts of appeals (apart from the Court of Appeals’ opinion in this case) and with briefing on that issue from only one of the parties. That is because, having persuaded us to grant certiorari on one question, petitioners chose to argue a different question on the merits. In light of that switch, I would dismiss the writ of certiorari as improvidently granted.
We granted certiorari to decide “[w]hether a bankruptcy court may authorize the distribution of settlement proceeds in a manner that violates the statutory priority scheme.” Pet. for Cert. i. According to petitioners, the decision below “deepened an existing ... split” among the Courts of Appeals on this question. Id., at 8; see id., at 15-16 (citing In re AWECO, Inc., 725 F.2d 293, 298 (C.A.5 1984), and In re Iridium Operating LLC, 478 F.3d 452, 464 (C.A.2 2007)). After we granted certiorari, however, petitioners recast the question presented to ask “[w]hether a Chapter 11 case may be terminated by a ‘structured dismissal’ that distributes estate property in violation of the Bankruptcy Code’s priority scheme.” Brief for Petitioners i. Although both ques *988 tions involve priority-skipping distributions of estate assets, the recast question is narrower — and different — than the one on which we granted certiorari. It is also not the subject of a circuit conflict.
I think it is unwise for the Court to decide the reformulated question today, for two reasons. First, it is a “novel question of bankruptcy law” arising in the rapidly developing field of structured dismissals. In re Jevic Holding Corp., 787 F.3d 173, 175 (C.A.3 2015). Experience shows that we would greatly benefit from the views of additional courts of appeals on this question. We also would have benefited from full, adversarial briefing. In reliance on this Court's Rules prohibiting parties from changing the substance of the question presented, see Rule 24.1(a); see also Rule 14.1(a), respondents declined to brief the question that the majority now decides, see Brief for Respondents 52. Second, deciding this question may invite future petitioners to seek review of a circuit conflict only then to change the question to one that seems more favorable. “I would not reward such bait-and-switch tactics,” City and County of San Francisco v. Sheehan, 575 U.S. -, -, 135 S.Ct. 1765, 1779, 191 L.Ed.2d 856 (2015) (Scalia, J., concurring in part and dissenting in part); see also Visa, Inc. v. Osborn, - U.S. -, -, 136 S.Ct. 2543, 195 L.Ed.2d 867 (2016) post, p. -.
Accordingly, I would dismiss the writ as improvidently granted. I respectfully dissent.